UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BUI,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ U.S.A., LLC,<br><br>    Defendant. | Case No. 23-cv-05148-PCP<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

This is a "lemon law" case involving plaintiff Tiffany Bui's 2021 Mercedes-Benz C300. For the reasons set forth below, defendant Mercedes-Benz U.S.A., LLC's motion to dismiss Ms. Bui's complaint is granted.

**I.  Background**

The following facts from the complaint are taken as true in resolving this motion.

In December 2020, Ms. Bui bought a 2021 Mercedes-Benz C300 with a written warranty. This car was delivered with or later developed "serious defects and nonconformities to warranty," including "in the Powertrain System, Electrical System and engine." On March 27, 2023, Ms. Bui brought her car to a dealership for repair because the "check engine" light was on and the car was in "limp mode." The dealership verified her concerns and performed repairs under warranty. These repairs "did not properly repair" the car. A week later, Ms. Bui brought her car back for "electrical concerns." The dealer again verified the concerns and performed repairs. Two months later, the "check engine" light came on and the car "lacked acceleration." Ms. Bui brought her car back, and the same dealer again verified the concerns and performed repairs under warranty.

Ms. Bui filed this action on October 9, 2023. She asserts three claims under the California Song-Beverly Consumer Warranty Act: breach of express warranty, breach of implied warranty,

and violation of California Civil Code § 1793.2(b). Mercedes-Benz moves to dismiss all three claims under Rule 12(b)(6).

## II. Legal Standard

Rule 8 requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct."

A complaint's allegations must "plausibly suggest" that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable." *Id.* at 678. Legal conclusions "can provide the framework of a complaint" but "must be supported by factual allegations." *Id.* at 679. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). A complaint that does not state a claim upon which the plaintiff can obtain relief can be dismissed under Rule 12(b)(6).

A complaint's allegations must also give the defendant "fair notice" and "enable the … party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A pleading "which is so vague or ambiguous" that an opponent "cannot reasonably prepare a response" is insufficient. See Fed. R. Civ. P. 12(e).

## III. Analysis

### A. The Breach of Express Warranty Claim Is Dismissed With Leave To Amend.

Ms. Bui first claims that her car was delivered with or developed serious defects and nonconformities to warranty, and that Mercedes-Benz was unable to repair the car to conform to warranty after a reasonable number of attempts.

The Song-Beverly Act provides that if a manufacturer "does not service or repair … goods to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer." Cal. Civ. Code § 1793.2(d).

"A plaintiff pursuing an action under the Song–Beverly Act has the burden to prove the following elements: (1) the product had a defect or nonconformity covered by the express warranty; (2) the product was presented to an authorized representative of the manufacturer for

1  repair; and (3) the manufacturer or its representative did not repair the defect or nonconformity
2  after a reasonable number of repair attempts." *Robertson v. Fleetwood Travel Trailers of Cal.,*
3  *Inc.*, 144 Cal. App. 4th 785, 798–99 (2006). "The reasonableness of the number of repair attempts
4  is a question of fact…, but at a minimum there must be more than one opportunity." *Id.* at 799.
5        Ms. Bui alleges that her car had "serious defects and nonconformities" including "defects
6  in the Powertrain System, Electrical System and engine." Compl. ¶ 18. She states that she brought
7  her car to a dealership three separate times in early 2023. But the complaint provides no further
8  detail on the nature of the alleged defects, nor does it state which defect or defects each visit to the
9  dealership aimed to repair. Ms. Bui alleges that her March visit was because the "check engine"
10 light was on and the car was in "limp" mode, the April visit was because of "electrical concerns,"
11 and the June visit was because the "check engine" light was on again and the car "lacked
12 acceleration." It is not clear from the complaint that all of these visits sought to repair the same
13 defect. The only duplicate symptom Ms. Bui alleges was the "check engine" light being on before
14 the March and June visits. Even if the same defect was the cause of this, however, Ms. Bui does
15 not allege that the vehicle was not repaired after the June visit. Even interpreting her allegations as
16 favorably to her as possible, Ms. Bui's complaint fails to establish that Mercedes-Benz failed to
17 repair any single defect after being given more than one opportunity to do so. Because it does not
18 clearly allege particular defects in Ms. Bui's car or that Mercedes-Benz failed to repair these
19 defects after a reasonable number of attempts, Ms. Bui's express warranty claim is deficient under
20 Rule 8 and Rule 12 and is dismissed with leave to amend.
21       **B.**    **The Breach of Implied Warranty Claim Is Dismissed With Leave To Amend.**
22       Under the Song-Beverly Act, "[t]he duration of the implied warranty of merchantability
23 and … the implied warranty of fitness shall be coextensive in duration with an express warranty
24 which accompanies the consumer goods…; but in no event shall such implied warranty have a
25 duration of less than 60 days nor more than one year following the sale of new consumer goods to
26 a retail buyer." Cal. Civ. Code § 1791.1(c).
27       Mercedes-Benz argues that Ms. Bui does not state a claim because she does not allege that
28 a defect manifested during the one-year implied warranty period. Ms. Bui argues that her

3

allegation that defects were *present* at the time of sale, even if there was no manifestation within the first year, is sufficient. Courts are divided on this question. Some have held that a warranty can be breached by a latent undiscoverable defect present at the time of sale, even if the defect is not discovered within a year. Others have held that a product must have been unmerchantable within the implied warranty period, meaning that symptoms of the defect must have manifested during the first year. *See Peterson v. Mazda Motor of Am., Inc.*, 44 F. Supp. 3d 965, 969–72 (C.D. Cal. 2014) (discussing split).

As pleaded, however, Ms. Bui's claim is deficient under either approach. Regardless whether a symptom of a defect must manifest within the first year, Ms. Bui must at a minimum plead facts establishing that there *was* a defect present at the time of sale. Ms. Bui points to paragraph 49 of her complaint. Paragraphs 48 and 49 allege: "The Subject Vehicle was … sold with one or more defective vehicle systems/components which manifest as defects in the Powertrain System, Electrical System and engine as detailed above…. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle." These allegations are conclusory. They are not specific enough to enable Mercedes-Benz to defend itself. As discussed above, Ms. Bui does not clearly identify exactly what problems in the "Powertrain System, Electrical System and engine" led to her three repair visits. And here, the allegations are even more vague. The complaint simply asserts that "one or more" unspecified "vehicle systems/components" were defective, which ultimately manifested in the similarly unspecified problems that later required repairs. This does not plausibly establish that Ms. Bui's car was defective when she bought it in December 2020.

Accordingly, Ms. Bui's implied warranty claim is dismissed with leave to amend.

**C.     The Section 1793.2(b) Claim Is Dismissed With Leave To Amend.**

Ms. Bui's final claim is under California Civil Code § 1793.2(b), which requires that "service and repair shall be commenced within a reasonable time," and that "goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days." Ms. Bui asserts that she took her car to the dealer three times for repairs, but that the dealer "did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time."

This claim is also deficient under Rule 8. Two periods of time are relevant to a 1793.2(b) claim: the length of time it takes to *commence* a repair and the length of time it then takes to *complete* a repair. The statute requires that the former be "reasonable" and the latter be "within 30 days." Cal. Civ. Code § 1793.2(b). Ms. Bui's complaint does not specify how long it took to either commence or complete any of the repair attempts she identifies. Without such allegations she cannot state a Section 1793.2(b) claim. This claim is therefore also dismissed with leave to amend.[1]

## IV. Conclusion

For the foregoing reasons, each of Ms. Bui's claims is dismissed with leave to amend. An amended complaint shall be due April 19, 2024.

**IT IS SO ORDERED.**

Dated: March 27, 2024

P. Casey Pitts
United States District Judge

---

[1] Because Ms. Bui does not clearly allege that any of the three repair visits were to address the same issue, the Court considers the three visits in isolation. But even if any of the repair visits were to address the same issue, the best read of the statute is that it requires only that any single repair attempt be completed within 30 days, not that an issue be permanently resolved within 30 days. *See also Schick v. BMW of N. Am., LLC*, 801 Fed. App'x. 519, 521 (9th Cir. 2020) ("[U]nder any reasonable reading of the statute, § 1793.2(b) requires only that [a dealer] complete any single repair attempt within 30 days.").

5