UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BUI,<br><br>       Plaintiff,<br><br>       v.<br><br>MERCEDES-BENZ U.S.A., LLC,<br><br>       Defendant. | Case No. 23-cv-05148-PCP<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 39 |

The is a "lemon law" case involving plaintiff Tiffany Bui's 2021 Mercedes-Benz C300. Ms. Bui asserts three claims against defendant Mercedes-Benz U.S.A., LLC under California's Song-Beverly Consumer Warranty Act: breach of express warranty, breach of implied warranty, and violation of California Civil Code Section 1793.2(b). The Court previously dismissed all three claims with leave to amend. Dkt. No. 35, 2024 WL 1298335. Ms. Bui then filed an amended complaint. Mercedes-Benz moved to dismiss the claims for breach of implied warranty and violation of Section 1793.2(b). The Court assumes familiarity with its previous order and applies the same standard in resolving this motion. For the reasons that follow, Mercedes-Benz's motion to dismiss is denied as to the breach of implied warranty claim and granted without further leave to amend as to the Section 1793.2(b) claim.

In her original complaint, Ms. Bui alleged that she brought her car (purchased in December 2020) to a Mercedes-Benz dealer for repairs three times over the course of several months in early 2023. She alleged that her first visit was because the "check engine" light was on and the car was in "limp" mode, her second visit was because of "electrical concerns," and her third visit was because the "check engine" light was on again and the car "lacked acceleration." The Court dismissed all three of her claims, concluding that the express warranty claim was inadequately

1   pleaded because Ms. Bui had not clearly alleged particular defects or that Mercedes-Benz had
2   failed to repair them, the implied warranty claim was inadequately pleaded because Ms. Bui had
3   not pleaded facts suggesting that there was a specific defect at the time of sale, and the Section
4   1793.2(b) claim was inadequately pleaded because Ms. Bui did not specify how long Mercedes-
5   Benz took to start or complete any of the three repair attempts.

6         In her amended complaint, Ms. Bui adds more detail. She now alleges that on the initial
7   March 2023 visit, the dealership determined that "Cylinder Bank 1" was "running lean" and that
8   the "Rail Pressure Sensor" was malfunctioning (diagnostic trouble codes P218762 and P019185,
9   respectively). First Amd. Compl, Dkt. No. 38, at 5–6. The dealership reset the "fuel mixture
10  adaptation" in response, but these repairs did not resolve the issues. *Id*. On her next visit, in April
11  2023, the Rail Pressure Sensor was again malfunctioning, with the same diagnostic trouble code as
12  before. The dealership performed work that did not fix the issue. *Id.* at 6*.* On her third visit, in
13  June 2023, Ms. Bui's car was towed to the dealership because the check engine light was on and
14  the car "had no acceleration." *Id*. The dealership confirmed that the same issue with the Rail
15  Pressure Sensor (code P019185) was still present and replaced the fuel pump, the fuel
16  pressure/temperature sensor, and the high-pressure pump to address the issue. *Id.* at 6–7. This third
17  repair attempt took 19 days. *Id*.

18  **I.      The Breach of Implied Warranty Claim Is Adequately Pleaded.**

19        Ms. Bui's second claim is for breach of the implied warranty of merchantability. Under the
20  Song-Beverly Act, the "[i]mplied warranty of merchantability" means that consumer goods meet
21  four criteria: They "(1) [p]ass without objection in the trade under the contract description[;] (2)
22  [a]re fit for the ordinary purposes for which such goods are used[;] (3) [a]re adequately contained,
23  packaged, and labeled[; and] (4) [c]onform to the promises or affirmations of fact made on the
24  container or label." Cal. Civ. Code § 1791.1(a). "The duration of the implied warranty of
25  merchantability … shall be coextensive in duration with an express warranty which accompanies
26  the consumer goods…; but in no event shall such implied warranty have a duration of less than 60
27  days nor more than one year following the sale of new consumer goods to a retail buyer." *Id.* §
28

1791.1(c). In this case, because the express warranty on Ms. Bui's car was for four years, the duration of the implied warranty was one year.

Ms. Bui claims that Mercedes-Benz breached the implied warranty of merchantability because "[t]he Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to defects in the Powertrain System, Electrical System and engine," and "[t]he Subject Vehicle was not of the same quality as those generally acceptable in the trade because it was sold with one or more defective vehicle systems/components which manifest as defects in the Powertrain System, Electrical System and engine as detailed above. Defendant and/or its authorized repair facility was unable to repair defects in the Subject Vehicle which manifest in an illuminated Check Engine Light within 30 days as detailed above."

In *Mexia v. Rinker Boat Co., Inc.*, the California Court of Appeal explained that "[t]he implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale" because "a product is rendered unmerchantable, and the warranty of merchantability is breached, by the existence of the unseen defect, not by its subsequent discovery." 174 Cal. App. 4th 1297, 1304–05 (2009). This Court is bound by *Mexia*. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1222–23 (9th Cir. 2015) (holding that *Mexia* governs federal courts' interpretation of the Song-Beverly Act's duration provision in the absence of convincing evidence that the California Supreme Court would reach a different decision).[1] The *Mexia* court held that a latent defect could breach the implied warranty of merchantability if the defect was present at the time of purchase, even if the defect did not manifest itself until after the warranty period. *Id*. *Mexia* noted, for example, that beetle-infested lumber would be unmerchantable even if the presence of the beetles

---

[1] In their briefing, the parties noted two different approaches courts have taken as to when a defect must manifest itself in order to make an implied warranty claim. The two approaches were reflected in *Mexia* and *Peterson v. Mazda Motor of America, Inc.*, 44 F. Supp. 3d 965, 972 (C.D. Cal. 2014), a federal district court decision (issued before *Daniel*) holding that the defect must manifest itself within one year. Because the Ninth Circuit's decision in *Daniel* resolves that issue (at least absent a contrary decision by the California Supreme Court), the Court need not consider whether *Peterson* or *Mexia* reflects a better interpretation of California law.

3

1  or the resulting structural compromise to any building constructed with the lumber might not
2  become apparent until much later. *Id.* at 1305.

3        In her first amended complaint, Ms. Bui has now pleaded facts that state a claim for breach
4  of implied warranty under *Mexia*. At this stage, the Court must draw every reasonable inference in
5  Ms. Bui's favor. While her initial allegations that the car "was ... sold with one or more defective
6  vehicle systems/components which manifest as defects in the Powertrain System, Electrical
7  System and engine" and that "[u]pon information and belief, the defective vehicle systems and
8  components were present at the time of sale" were conclusory without more information, Ms. Bui
9  has now added additional allegations regarding the specific ways that the symptoms of these
10 alleged defects later manifested. In particular, she alleges that her car's Rail Pressure Sensor was
11 malfunctioning each of the three times she brought her car in for repair. Although the fact that the
12 Rail Pressure Sensor appears to have been functional for the first few years she owned the car
13 could suggest its subsequent failure was not the result of a latent defect, the Court cannot draw
14 that inference in Mercedes-Benz's favor on this Rule 12(b)(6) motion.

15       Given the repeated issues Ms. Bui experienced with the Rail Pressure Sensor, and drawing
16 all reasonable inferences in her favor, Ms. Bui has plausibly alleged that the issues she
17 experienced were the result of a latent defect in the Rail Pressure Sensor that was present when
18 she purchased her car. Accordingly, Mercedes-Benz's motion to dismiss Ms. Bui's implied
19 warranty claim is denied. The Court notes, however, that while her allegations suffice at the
20 pleading stage, Ms. Bui will ultimately need to *prove*, under *Mexia*, that the problems she
21 experienced with the Rail Pressure Sensor were in fact the result of a defect that was present in her
22 car at the time of sale as opposed to being caused by a problem that developed at some point after
23 she purchased the vehicle.

24 **II.    The Section 1793.2(b) Claim Is Dismissed Without Leave To Amend.**

25       Ms. Bui's third claim is for a violation of California Civil Code Section 1793.2(b), which
26 requires that "service and repair shall be commenced within a reasonable time," and that "goods
27 shall be serviced or repaired so as to conform to the applicable warranties within 30 days."
28

4

Ms. Bui alleges she brought her car to the dealer for repairs three separate times between March and June 2023. While several months passed between the first time she brought her car in and the completion of the third repair visit, the longest Ms. Bui claims that any individual visit lasted was 19 days. Based on these visits, Ms. Bui asserts that the dealer "did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time.".

In Ms. Bui's original complaint, it was not clear whether any of the three visits addressed the same issue. As the Court previously noted, however, even "if any of the repair visits were to address the same issue, the best read of the statute is that it requires only that any single repair attempt be completed within 30 days, not that an issue be permanently resolved within 30 days." Dkt. No. 35, at 5 n.1, 2024 WL 1298335 at *3 (citing *Schick v. BMW of North America, LLC*, 801 Fed. App'x. 519, 521 (2020)).

Ms. Bui's amended complaint now makes clear that the three visits each addressed the same issue with the Rail Pressure Sensor (at least in part). Because Ms. Bui's amended complaint does not allege that any single repair attempt took longer than 30 days, however, her Section 1793.2(b) claim is dismissed without further leave to amend.

### III. Conclusion

For the foregoing reasons, Mercedes-Benz's motion to dismiss is denied as to the implied warranty claim and granted as to the Section 1793.2(b) claim.

**IT IS SO ORDERED.**

Dated: August 9, 2024

P. Casey Pitts
United States District Judge